(134 App. Div. 447.)

## PRALL v. HOADLEY.

(Supreme Court, Appellate Division, First Department.   November 12, 1909.)

1. JUDGMENT (§ 117*)—DEFAULT JUDGMENT—RELIEF.

Under Code Civ. Proc. § 1207, providing that, where there is no answer, judgment shall not be more favorable to plaintiff than demanded in the complaint, the prayer of the complaint limits the relief to which plaintiff is entitled on the rendition of a default interlocutory judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 233; Dec. Dig. § 117.*]

2. JUDGMENT (§ 117*)—DEFAULT JUDGMENT—RELIEF.

Where the complaint prayed for an accounting and for a compulsory transfer by defendant of patent rights assigned to him under a contract binding him to hold the same in trust for six months, within which to determine whether a corporation to which the patent rights should be assigned should be organized, plaintiff was not entitled to a default interlocutory judgment authorizing an award of damages for defendant's breach of contract, as defendant could not be compelled to account in equity for a liability, if any, which existed only at law.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 117.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Elizabeth C. Prall, as executrix, against Joseph H. Hoadley. From an order amending an interlocutory judgment, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Ralph Polk Buell (George S. Graham, on the brief), for appellant. Henry W. Jessup, for respondent.

LAUGHLIN, J. This action is based on a contract in writing, bearing date the 21st day of February, 1899, made between the plaintiff's testator and the plaintiff individually, who was his wife, and the defendant. By virtue of the contract, certain letters patent and patent rights were assigned to the defendant, in trust to hold the same for a period of at least six months, within which time the defendant was to have the right and option to decide whether or not, in his opinion, it was wise and expedient; for the purpose of working the inventions covered by the patents, to organize a corporation and to issue licenses under the patents, or to make assignments thereof, or to develop and promote the rights and improvements covered thereby. In the event that the defendant decided to organize a corporation, the steps to be taken in that regard were outlined in the contract, and the division of the capital stock was therein prescribed. It is alleged in the complaint that the corporation contemplated was never organized, and that in or about the year 1901 the plaintiff individually and the decedent elected to terminate the contract, and notified the defendant of their election in that regard, and requested him to reassign the letters patent, and to return and redeliver all papers, working models, drawings, and patterns received by him from plaintiff's testator, pursuant to the provisions of the contract, and to retransfer and deliver to plaintiff's testator certain shares of the capital stock of the Prall Engine & Power Company, which the defendant had received by virtue of the provisions of said contract, and to account for all moneys and profits received by him under the contract, all of which he has refused and neglected to do.

The only prayer for relief in the complaint is for an accounting, and that the defendant be compelled to transfer and deliver to the plaintiff said stock and the working models, drawings, patterns, and other papers connected with the Prall rotary engine, referred to in the contract, and to assign or reassign to her as executrix the letters patent, and to account to her as executrix for all moneys or profits received by him under the contract, with the usual prayer for other and further relief. The defendant made default in pleading, and an interlocutory judgment was thereafter entered, on motion of the plaintiff, granting the prayer of the complaint, and adjudging that the defendant account, before a referee designated therein, for all profits, gains, or advantages derived under the letters patent, or from the stock to which reference has been made, or from the working models, drawings, patterns, and other papers connected with the Prall rotary engine, and that he transfer and deliver to the plaintiff, as executrix, the stock and

certain specified letters patent, and the working models, drawings, patterns, and other papers connected with said engine, delivered to him at or about the time of the making of the contract, and that, on the coming in of the referee's report, the plaintiff have final judgment for the amount of "said profits, gains, or advantages so to be ascertained."

The defendant twice applied to open the default; but his applications were opposed and denied. He was examined on the accounting; and, it appearing from his evidence that he had assigned and transferred certain of the property, an application to amend the interlocutory judgment was made on notice to him, and the order granting the motion adds a clause to the interlocutory judgment, to the effect that it is adjudged and decreed that if it shall appear on the accounting that the defendant did not perform his trust duties under the contract, but was guilty of any breach of the contract or of his duty in the premises, upon a finding to that effect, "the said referee may award such damages to the plaintiff, individually or as executrix, as the evidence may warrant."

We are of opinion that the court was without authority to grant the amendment. The interlocutory judgment having been entered by default, the prayer of the complaint limited the relief to which the plaintiff was entitled. Code Civ. Proc. § 1207. No motion was made to amend the complaint, and it stands as originally served. In the prayer for relief in the complaint, no judgment is asked in favor of the plaintiff individually; but by the amendment of the interlocutory judgment the plaintiff is authorized, in the event therein specified, to recover both individually and as executrix. Moreover, the breach of contract and of duty, to cover which, principally, at least, the amendment was allowed, has reference to the defendant's failure to reassign and redeliver the property at the expiration of the six months, on electing not to form a corporation or to use the property as therein provided. This might give rise to an action for damages; but it would not render the defendant accountable as trustee for the damages sustained by his failure to reassign the property, by virtue of an express or implied agreement to that effect.

Doubtless the defendant could be compelled to account in equity for any of the property which he may have wrongfully assigned, or otherwise appropriated or converted to his own use. It is manifest that the defendant cannot be compelled, under the guise of an amendment to the interlocutory judgment, to account in equity for a liability, if any, which exists only at law, when he has no standing, by reason of his default, to assert his right to a jury trial; and we are also of opinion that the plaintiff should not, in the circumstances, having opposed the opening of the default, be permitted to enlarge in any manner the relief prayed for in the complaint.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.